IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MARIA BERNABE,<br>BOP ID 55379-019,<br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION FILE<br>NO. 4:03-CR-70-1-HLM-WEJ<br><br>CIVIL ACTION FILE<br>NO. 4:16-CV-249-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Proceeding pro se, Maria Bernabe filed on August 15, 2016, a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [50] ("§ 2255 Motion") and a "Motion for Minor Role Adjustment And Sentence Reduction Based on United States v. Quitero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255" [51] ("Sentence Reduction Motion"). The Honorable Harold L. Murphy (A) kept the Sentence Reduction Motion in Chambers and ordered the United States to respond, see Order of Aug. 15, 2016 [52], and (B) referred the § 2255 Motion to the undersigned.

In her § 2255 Motion, Ms. Bernabe "seeks a sentence reduction for a minor role pursuant to [United States Sentencing Guideline §] 3B1.2's [A]mendment

794." § 2255 Motion at Ground One.  This is not a claim appropriately brought pursuant to § 2255.

Simply put:  "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  <u>Spencer v. United States</u>, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc), <u>cert. denied</u>, 135 S. Ct. 2836 (2015).  Consequently, this Court lacks the authority to review a claim brought in a § 2255 motion "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).  "A misapplication of advisory sentencing guidelines" falls short of this standard because it "does not violate an 'ancient' right, nor does it raise constitutional concerns."  <u>Spencer</u>, 773 F.3d at 1140.  Rather, "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review [only] when [s]he can prove that [s]he is either actually innocent of [her] crime or that a prior conviction used to enhance [her] sentence has been vacated."  <u>Id.</u> at 1139.  Because Ms. Bernabe alleges neither of these things, her sentence reduction claim cannot be brought under § 2255.  Ms. Bernabe should pursue the relief she has requested through her Sentence Reduction Motion.

2

Because it is "plainly apparent from the motion . . . that the moving party is not entitled to relief [under § 2255]," this Court "must dismiss the motion."  28 U.S.C. foll. § 2255, Rule 4(b).  Accordingly, the undersigned **RECOMMENDS** that Ms. Bernabe's § 2255 Motion be **DISMISSED**.

Because Ms. Bernabe has not identified any reasonably debatable ground for relief, she does not meet the requisite standard for issuance of a Certificate of Appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); see also Spencer, 773 F.3d at 1138 (holding that the Slack v. McDaniel standard will be strictly applied prospectively).  Accordingly, the undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 26th day of August, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE